UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530,<br><br>Plaintiff,<br><br>v.<br><br>BED BATH & BEYOND, INC., a<br>corporation, 650 Liberty Avenue, Union<br>New Jersey  07083,<br><br>Defendant. | Case No. 15-cv-2129 |

STIPULATED JUDGMENT AND ORDER
FOR CIVIL PENALTIES AND INJUNCTIVE AND OTHER RELIEF

Plaintiff, the United States of America ("United States"), acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for Civil Penalties and Injunctive and Other Relief, pursuant to Sections 5, 13, and 16 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45, 53, and 56, and pursuant to the Textile Fiber Products Identification Act ("Textile Act"), 15 U.S.C. § 70 *et seq.*, and the Rules and Regulations thereunder ("Textile Rules"), 16 C.F.R. § 303 *et seq.*  Defendant has waived service of the summons and the Complaint.  Plaintiff and Defendant stipulate to the entry of this Stipulated Judgment and Order for Civil Penalties and Injunctive and Other Relief ("Order") to resolve all matters in dispute in this action between them.

1

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that, in marketing and selling rayon textile products as "bamboo," Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45; engaged in such acts or practices with actual notice that the Commission had previously determined them to be unfair or deceptive, 15 U.S.C. § 45(m)(1)(B); and engaged in mislabeling or deceptive advertising of textile products in violation of the Textile Act, 15 U.S.C. § 70 *et seq.*, and the Textile Rules, 16 C.F.R. Part 303.

3. The Commission sent Defendant a letter dated January 27, 2010 informing Defendant that certain acts or practices in connection with the advertising of textile fiber products may violate the Textile Act and the Textile Rules and are unfair or deceptive under Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

4. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

5. Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

6. Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

7. Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.  "Covered product" shall mean any or all of the following products sold by Defendant, unless Defendant does not have an ownership interest in such product and prior to the point of purchase clearly and conspicuously informs consumers that there is a third-party seller for that product: (1) any article of wearing apparel, costume or accessory, drapery, floor covering, furnishing, bedding, or other textile good of a type customarily used in a household, regardless of where used, that is made, in whole or in part, of yarn or fabric comprised, in whole or in part, of a manufactured fiber, as that term is defined herein; or (2) any fiber, yarn, or fabric comprised, in whole or in part, of a manufactured fiber, as that term is defined herein, whether in the finished or unfinished state, used or intended for use in any such textile good.

B.  "Defendant" means "Bed Bath & Beyond, Inc.," and its successors and assigns.

C.  "Fiber trademark" shall mean a word or words used to identify a particular fiber sold by a person and to distinguish it from fibers of the same generic class sold by others, as defined in 16 C.F.R. § 303.1(r).

D.  "FTC" or "Commission" means the Federal Trade Commission.

E.  "Generic name of any manufactured fiber" shall mean any name for a textile fiber established and defined by the Commission pursuant to Section 70e(c) of the Textile Act, as set forth in 16 C.F.R. § 303.7.

3

F.  "Manufactured fiber" shall mean any fiber derived by a process of manufacture from any substance which, at any point in the manufacturing process, is not a fiber, as defined in 15 U.S.C. § 70(d).

G.  "Required information" shall mean such information as is required to be disclosed on labels or invoices and in advertising under the Textile Act, 15 U.S.C. § 70 *et seq.*, and under the Textile Rules, 16 C.F.R. Part 303, as defined in 16 C.F.R. § 303.1(e).

## I. PROHIBITION ON VIOLATING THE TEXTILE ACT AND TEXTILE RULES

**IT IS FURTHER ORDERED** that Defendant, directly or through any corporation, division, or other device, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product, are permanently restrained and enjoined from violating any provision of the Textile Act or Textile Rules, including but not limited to:

A.  Selling, offering for sale, or advertising in commerce any covered product that is falsely or deceptively stamped, tagged, labeled, invoiced, advertised, or otherwise identified as to the name or amount of constituent fibers contained therein. 15 U.S.C. §§ 70a, 70b.

B.  Failing to use the recognized generic name of any manufactured fiber in the required information in any labels, invoices, or advertising of any covered product. 16 C.F.R. §§ 303.6 and 303.7.

C.  Failing to include all required information on labels for any covered product, including identifying:

  1. the generic names and percentages by weight of the constituent fibers present in the covered product, in amounts of 5 percent or more and in the order of predominance, as set forth in 16 C.F.R. § 303.16(a)(1);

  2. the name or registered identification number issued by the Commission of the manufacturer or of one or more persons marketing or handling the covered product, 16 C.F.R. § 303.16(a)(2); and

  3. the name of the country where such covered product was processed or manufactured, as provided for in 16 C.F.R. § 303.33.

15 U.S.C. § 70b(b), 16 C.F.R. §§ 303.16 and 303.42(a).

D. Failing to ensure that any fiber trademark or generic name used on the label of, or in any advertising for, any covered product:

  1. is not false, deceptive, or misleading as to fiber content; and

  2. does not indicate, directly or indirectly, that the covered product is composed wholly or in part of a particular fiber, when such is not the case.

16 C.F.R. §§ 303.17(d) and 303.41(d).

E. Failing to ensure that any non-required information or representation used on the label of, or in the advertising for, any covered product:

  1. does not interfere with, minimize, detract from, or conflict with required information;

  2. does not include any names, terms, or representations prohibited by the Textile Act or Textile Rules; and

  3. is not false, deceptive, or misleading.

16 C.F.R. §§ 303.16(c) and 303.42(b).

F. Where a covered product is advertised in such manner as to require disclosure of the information required by the Textile Act and Textile Rules, failing to include all parts of the required information in immediate conjunction with each other in legible and conspicuous type or lettering of equal size and prominence.

16 C.F.R. § 303.42(a).

G. Where a fiber trademark is used in advertising a covered product, failing:

1. to include the generic name of the fiber contained in such covered product in immediate proximity to and in conjunction with such fiber trademark; and

2. to include a full disclosure of the fiber content information required by the Textile Act and Textile Rules in at least one instance in any such advertisement.

16 C.F.R. § 303.41.

H. Failing to ensure that any words, coined words, symbols or depictions used in the labeling or advertising of a covered product which:

1. constitute or imply the name or designation of a fiber;

2. are phonetically similar to the name or designation of a fiber; or

3. are only a slight variation of spelling from the name or designation of a fiber

are not used in such a manner as to represent or imply that such fiber is present in the covered product, unless such fiber is actually present in that product.

16 C.F.R. § 303.18.

> I. Failing to maintain for at least three (3) years required records for any covered products manufactured by Defendant, including records showing the fiber content. 15 U.S.C. § 70d(b); 16 C.F.R. § 303.39.

*Provided, further*, that nothing in this Order shall prohibit Defendant from complying with the Textile Act and Textile Rules by establishing that it received and maintained in good faith a guaranty, which complies fully with Section 70h of the Textile Act, 15 U.S.C. § 70h, and with Sections 303.36–303.38 of the Textile Rules, 16 C.F.R. §§ 303.36–303.38, that such covered product is not misbranded or falsely invoiced. A guaranty shall not be received or maintained in good faith after the Defendant knows or should have known that products covered by the guaranty are or likely may be mislabeled or deceptively advertised, including after being notified by the Commission that such products are or likely may be mislabeled or deceptively advertised.

*Provided, further*, that if it is not legally possible to obtain a guaranty at the time Defendant takes an ownership interest in a covered product, and (1) Defendant does not embellish or misrepresent claims provided by the manufacturer about a covered product, and (2) the covered product is not sold by Defendant as a private label product, then Defendant shall only be liable for a violation of this Section if it knew or should have known that the marketing or sale of the covered product would violate this Section.

*Provided, further*, that in the event the Textile Act or Textile Rules are amended or modified, nothing in this Section shall impose upon Defendant obligations that go beyond what is required under the amended or modified version of the Textile Act or Textile Rules.

## II. SETTLEMENT PAYMENT

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of $500,000.00 is entered in favor of Plaintiff against Defendant.

B. Defendant is ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, $500,000.00, which, as Defendant stipulates, its undersigned counsel holds in escrow for no purpose other than payment to Plaintiff. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Plaintiff.

C. In the event of any default in payment, which default continues for ten (10) days beyond the due date of payment, the entire unpaid amount, together with interest, as computed pursuant to 28 U.S.C. § 1961 from the date of default to the date of payment, shall immediately become due and payable.

D. Defendant shall cooperate fully with the United States and the Commission and their agents in all attempts to collect the amount due pursuant to this Paragraph if Defendant fails to pay fully the amount due at the time specified herein. In such an event, Defendant agrees to provide the United States and the Commission with its federal and state tax returns for the preceding two (2) years and to complete standard financial disclosure forms fully and accurately within ten (10) business days of receiving a request from the United States or the Commission to do so. Defendant further authorizes the United States and the Commission to verify all information provided on its financial disclosure forms with appropriate third parties, including but not limited to financial institutions.

E. In accordance with 31 U.S.C. § 7701, Defendant is hereby required, unless it has done so already, to furnish to the United States and the Commission, its taxpayer identification number (employer identification number), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of Defendant's relationship with the government.

F. Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendant shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

### III. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating Defendant's compliance with this Order and any failure to transfer any assets as required by this Order:

A. Within 30 days of receipt of written notice from a representative of the United States or the Commission, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Plaintiff and Commission are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Plaintiff and Commission are authorized to communicate directly with Defendant. Defendant must permit representatives of the Plaintiff and Commission to interview any employee or other person affiliated with

Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Plaintiff and Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## IV. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury:

a. Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Plaintiff and Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered and the means of advertising, marketing, and sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgement obtained pursuant to this Order, unless previously submitted to the Commission.

B.     For 5 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.     Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEBrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue, NW, Washington, DC 20580. The subject line must begin: *United States v. Bed Bath & Beyond, Inc.*, Case No.

## V. RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant must create certain records for 5 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendant, in connection with the marketing and/or sale of covered products, must create and retain the following records:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records showing, for each person employed by Defendant as a manager having responsibilities for Defendant's marketing or sale of textile products in any category that Defendant uses to organize its business (e.g., apparel, home, baby, etc.), that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business; and

D. All records and documents necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## VI. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant obtain acknowledgments of receipt of this Order:

A. Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Defendant must deliver a copy of this Order to: (1) all of its managers having responsibilities for Defendant's marketing or sale of textile products in any category that Defendant uses to organize its business (e.g., apparel, home, baby, etc.); and (2) any business entity resulting from any change in structure as set forth in the Section titled "Compliance Reporting." For current personnel, delivery shall be within thirty (30) days of service of this Order upon Defendant. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this ___ day of _____, 2015.

_____
UNITED STATES DISTRICT JUDGE
United States District Court

13

**STIPULATED AND AGREED TO:**

FOR THE COMMISSION:
JAMES A. KOHM,
Associate Director for Enforcement
DOUGLAS V. WOLFE,
Assistant Director for Enforcement

*[signature]*

KORIN EWING FELIX
DC Bar No. 502003
AMANDA B. KOSTNER
DC Bar No. 983188
Attorneys
Federal Trade Commission
Division of Enforcement
600 Pennsylvania Avenue, N.W.
Mail Drop CC-9528
Washington, DC 20580

202-326-3556, kfelix@ftc.gov 202-326-2880, akostner@ftc.gov 202-326-3197 (fax)

FOR THE DEFENDANT:
DENTONS US LLP
Attorneys for Defendant, Bed Bath & Beyond, Inc.

*[signature]*

CHRISTOPHER SMITH
DAN GIBB
Dentons US LLP
1900 K Street, N.W.
Washington, DC 20006
202-496-7162, kit.smith@dentons.com
202-496-7163, dan.gibb@dentons.com

*[signature]*

ALLAN N. RAUCH
Vice President-Legal and General Counsel,
Bed Bath & Beyond, Inc.

14

FOR THE PLAINTIFF
UNITED STATES OF AMERICA:

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JONATHAN F. OLIN
Deputy Assistant Attorney General

MICHAEL S. BLUME
Director
Consumer Protection Branch

ANDREW E. CLARK
Assistant Director

/s/ Jacqueline Blaesi-Freed
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
Tel: (202) 353-2809
Fax: (202) 514-8742
Jacqueline.m.blaesi-freed@usdoj.gov